CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 16 2011

JULIA C. DUDLEY, CLERK
BY: /s/ M. _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:09-cr-00029-2 |
| | ) | |
| v. | ) | § 2255 MEMORANDUM OPINION |
| | ) | |
| ELISSA SUE COX SMITH, | ) | By: Hon. Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Elissa Sue Cox Smith, a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Petitioner argues that she received ineffective assistance of counsel. The United States filed a motion to dismiss, and the time for petitioner to respond expired, making the matter ripe for disposition. After reviewing the record, I grant the United States' motion to dismiss.

I.

Pursuant to a written plea agreement, petitioner pleaded guilty on October 5, 2009, to conspiring to distribute more than 500 grams of a mixture containing methamphetamine, in violation of 28 U.S.C. § 846 ("Count One"), and using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count Eight"). Petitioner signed her initials on each page of the plea agreement, including the page containing the waivers of her right to appeal and to collaterally attack her conviction or sentence. By signing the plea agreement, petitioner affirmed that she read the plea agreement, carefully reviewed every part of the agreement with her attorney, understood the agreement, and was voluntarily agreeing to its terms. Notably, petitioner also acknowledged that she was satisfied by her counsel's representation and did not have a complaint about him at that time. Petitioner further agreed to inform me of any dissatisfaction or complaint

she had about counsel by no later than sentencing.

During her plea hearing, petitioner stated under oath that she earned a GED and was not under the influence of a judgment-impairing drug, medication, or alcoholic beverage. I established that petitioner was aware of the nature of the charges against her, understood the range of punishments that she faced, understood how the United States Sentencing Guidelines might apply in her case, and knew of the right to a jury trial. I asked petitioner if she read and understood the agreement before she signed it, and petitioner responded in the affirmative. Petitioner also affirmed the plea agreement's provision waiving her right to file a petition for a writ of habeas corpus or attack the judgment in some other way at a later date. (Plea H'rg Tran. (no. 86) 19:9-25 – 20:1-19.) I also specifically inquired as to whether Petitioner was voluntarily pleading guilty. Petitioner affirmed that she read and understood the plea agreement before she signed it and that no one had made any promises or induced her to plead guilty. Petitioner also affirmed that he was satisfied with her attorney's advice up to that time. (Plea H'rg Tran. (no. 86) 10:1-6.) The United States proffered that, inter alia, police officers found a firearm in a vehicle while executing a search warrant and petitioner acknowledged she received the firearm for protection when she transported cash or methamphetamine. (Plea H'rg 23:19-24.) After answering all of my questions and acknowledging the proffered facts, petitioner stated that she still wanted to plead guilty, and I ultimately accepted her knowing and voluntary guilty plea.

On January 21, 2010, I sentenced petitioner to, inter alia, a total term of 120 months' incarceration: 60 months' incarceration each for Counts One and Eight, running consecutively. Petitioner did not inform me of any dissatisfaction with her attorney by the conclusion of her sentencing hearing. Petitioner did not appeal her conviction or sentence.

Petitioner timely filed her instant § 2255 motion in January 2011. Petitioner argues that counsel provided ineffective assistance when he advised her to plead guilty to Count Eight despite petitioner's belief she was innocent because the firearm did not belong to her. Petitioner also alleges she was still addicted to methamphetamine and under the influence of anti-depressant, anti-anxiety, and psychotic drugs, which were used to treat her bi-polar disorder, during her plea colloquy and, thus, her plea was not knowing or voluntary.

II.

As an initial matter, the United States argues that Petitioner is not entitled to collaterally attack her conviction and sentence because her plea agreement is valid and contained a waiver of the right to collaterally attack her conviction and sentence. A "criminal defendant may waive [the] right to attack [a] conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). To bar petitioner from collaterally attacking her conviction, the waiver contained in her plea agreement must be both valid and sufficiently broad in scope to encompass this matter. See, e.g., United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994) (discussing the waiver of appellate rights).

A. Validity of the Waiver

A waiver is valid when "the record . . . show[s] that the waiver was based upon a knowing and intelligent decision." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221-22. If a court determines that a petitioner's

allegations when viewed against the record of the Rule 11 plea hearing are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. Id. at 220 (internal quotations and citations omitted). Although the validity determination is often made based on the "adequacy of the plea colloquy-specifically, whether the district court questioned the defendant about the . . . waiver - the issue ultimately is 'evaluated by reference to the totality of the circumstances.'" United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (quoting General, 278 F.3d at 400). "Thus, the determination 'must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" Id. (quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992)).

The facts in this case reveal that petitioner, who earned a GED, read and signed her plea agreement that provides he would forfeit her right to "file any court document seeking to disturb, in any way, any order imposed" in this case. (Plea Ag't 8 (emphasis added).) Petitioner acknowledged during her plea colloquy that she read and understood the plea agreement before she signed it. Petitioner further acknowledged that she was voluntarily waiving his right to file a petition for a writ of habeas corpus or attack the judgment in some other way.

When I asked petitioner if she had any physical or mental disabilities of any kind, petitioner said she was bi-polar and was not receiving any medication for it. However, petitioner admitted that she received Vistaril[1] within twenty-four hours of the plea hearing while at her correctional facility. Petitioner told me that Vistaril is a mild sedative for her nerves, it did not

---

[1] Vistaril "is used to relieve the itching caused by allergies and to control the nausea and vomiting caused by various conditions, including motion sickness. It is also used for anxiety and to treat the symptoms of alcohol withdrawal." PubMed Health, http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0000796/ (last visited May 13, 2011).

4

affect her ability to think clearly in any way, and she entered her guilty plea with a clear mind. (Plea H'rg 5:20-25 – 6:1-17.) Thus, the record establishes that petitioner knowingly and intelligently entered a guilty plea and waived the right to file any pleading to question the validity of his conviction. Her arguments about her being under the influence of psychotropic drugs and lacking the capacity to enter a knowing and voluntary plea are palpably incredible in light of her responses during the colloquy.

B.  Scope of the Waiver

The next consideration is whether the waiver bars the type of collateral attack brought by petitioner. The United States Court of Appeals for the Fourth Circuit has distinguished a narrow class of claims that fall outside the scope of an enforceable waiver of direct appeal and § 2255 rights. Issues that a defendant could not reasonably have foreseen when entering into a plea agreement, the imposition of a sentence above the statutory maximum, or the imposition of a sentence based on a constitutionally impermissible factor fall outside the scope of the waiver. See, e.g., Attar, 38 F.3d at 732; United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Thus, in addition to evaluating the validity of petitioner's guilty plea and waiver of collateral attack rights, I must determine whether her claims fall within the scope of that waiver.

Part of petitioner's waiver required her to inform me of any dissatisfaction with her counsel's performance by no later than the sentencing hearing. Petitioner's ineffective assistance of counsel claim falls within the waiver because she would have known before the sentencing hearing that counsel acted deficiently by forcing her to plead guilty to an offense for which she believed she was innocent. Accordingly, petitioner's claim of ineffective assistance of counsel is

5

within the scope of the waiver and is dismissed.[2]

III.

For the foregoing reasons, I grant the United States' motion to dismiss and dismiss petitioner's § 2255 motion. I also deny as moot petitioner's motion for an extension of time to produce the guilty plea and sentencing transcripts because they are already a part of the record. Based upon my finding that petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to petitioner and counsel of record for the United States.

**ENTER:** This 16th day of May, 2011.

Senior United States District Judge

---

[2] Petitioner's ineffective assistance claim is also without merit. Simply because petitioner was allegedly not the legal, registered owner of the firearm does not mean she did not satisfy the elements of 18 U.S.C. § 924(c) for either "possessing" or "using or carrying" the firearm while distributing methamphetamine or conveying its proceeds. Therefore, petitioner fails to establish deficient performance when the proffer satisfied the factual basis of the plea for Count Eight. See Strickland v. Washington, 466 U.S. 668 (1984) (requiring petitioner to establish both deficient performance and prejudice for a violation of the Sixth Amendment).